The Honorable W.R. "Bud" Rice State Representative P.O. Box H Waldron, Arkansas 72958-0230
Dear Representative Rice:
This is in response to your request for an opinion, on behalf of a constituent, on whether it is valid for Scott County to require payment of a solid waste collection and disposal fee "by residences to which the County will not provide the collection service." Specifically, your question refers to Scott County Ordinance No. 92-3.
A similar question was addressed in Op. Att'y Gen. 92-187, copy enclosed, which was issued to you on July 22, 1992. In that opinion, it was concluded that the county had the authority, pursuant to A.C.A. § 14-232-110(b) (1987), to make the solid waste fee mandatory whether or not a residence or household chose to utilize the service. The facts upon which that opinion was based indicated that many county residents wished to utilize the services of a private solid waste collection service.
The facts giving rise to your present request are distinct in that it is alleged that certain residences or households are being required to pay the fee and certain services, i.e., "collection" services are not being offered to them by the county. The constituent who has prompted your request indicates that he does not live on a "mail route" and as such, the county will not collect solid waste from his residence.
The county ordinance in question, Scott County Ordinance No. 92-2, does not provide or govern any procedures for the "collection" of solid waste. It only provides for "county dumpsters" into which county residents and other licensees may deposit "permitted solid waste." It is my opinion that, generally, if your constituent is allowed, by the ordinance, to utilize the "county dumpsters" by depositing his "permitted solid waste" therein, he may lawfully be charged a solid waste fee for that service because he is a person "who can be served by a project" under the meaning of A.C.A. § 14-232-110. The question of whether the fee charged him is "reasonable," in light of the services received, is a question of fact which this office is not empowered to determine. The fact that the county may be providing additional services to some residents for no additional fee may impact upon the reasonableness of the charges.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure